SHARON J. BRUNNER, (SBN: 229931)
Law Office of Sharon J. Brunner
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel. (760) 243-9997. Fax.(760) 843-8155
E-mail: sharonjbrunner@yahoo.com

JAMES S. TERRELL, (SBN 170409)
Law Office of James S. Terrell
15411 Anacapa Road
Victorville, CA 92392
Tel.760-951-5850Fax.760-952-1085
E-mail: jim@talktoterrell.com

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANGELA ZAMORA**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**COUNTY OF SAN BERNARDINO, AND DOES 1-10, INCLUSIVE**<br><br>**Defendants.** | **Case No.: 5:24-cv-00909**<br><br>**COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983; Supplemental Claims)**<br><br>1) Violation of Fourth Amendment – 42 USC §1983- Unlawful Seizure<br>2) Violation of 42 USC §1983 – Failure to Implement Policy/Procedure<br>3) Violation of 42 USC §1983 – Deprivation of Property<br>4) Negligence Per se – Cruelty to Animals California Penal Code §597<br>5) Intentional Infliction of Emotional Distress<br>6) Trespass to Chattels<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff ANGELA ZAMORA and for causes of action against Defendants and each of them, complain and allege as follows:

## JURISDICTION

1. Jurisdiction in this Honorable Court arises pursuant to Federal Statute, under Title 28 of the United States Code 1331, 1343, and 1367. Jurisdiction is further established in this Honorable Court under Title 42, United States Code, Sections 1983, 1985, and 1986.

2. Venue is proper in District Court, pursuant to U.S.C. Section 1391, as the underlying acts, omissions, events, injuries and related facts and circumstances upon which this present action are based, occurred in the county of San Bernardino, State of California, within the boundaries of the Central District of this Honorable Court.

3. Pursuant to the California Government Code, Plaintiff filed her tort claim with the County of San Bernardino, based upon the foregoing incident on September 21, 2023. The claim was rejected on October 31, 2023. Thus, the present complaint is timely, pursuant to California Government Code §945.6.

## PARTIES

Plaintiff alleges:

4. Plaintiff ANGELA ZAMORA ("ZAMORA") was, at all times herein mentioned a citizen of the United States of America and a resident of San Bernardino County over the age of 18.

5. Defendant County of San Bernardino was, at all times mentioned herein, a political subdivision for the State of California.



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

6. The individual defendants DOES 1-10 were and are employed by the County of San Bernardino as deputy sheriffs, or supervisors and assigned to the San Bernardino Sheriff's department.

7. Each of the acts or omissions alleged herein was under color of state law.

8. At all times alleged herein Defendant County of San Bernardino had duty to control the manner in which the deputy defendants carried their duties and to ensure that their treatment of the Plaintiff and others similarly situated were done in conformity with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California.

9. The unknown named defendants, identified herein as DOES 1 through 10, include, but are not necessarily limited to, unknown Deputies, Sergeants, Lieutenants, Captains, and or other employees of Defendant San Bernardino Sheriff Department of unknown rank and title who engaged in, assisted with, approved of, or acquiesced in the actions and misconduct described by known defendants herein, resulting in the deprivation of Plaintiff's civil rights and injuries to their person, as is described below.

10. Said DOE Defendants additionally include unknown employees of the County of San Bernardino and the San Bernardino Sheriff Department who were supervisors who created, fostered, acquiesced, ratified and/or maintained the policies, customs and/or practices that caused the deprivation of Plaintiff's Constitutional rights and his injuries.



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

11. Plaintiff is ignorant of the true names and capacities of these DOE Defendants, though all are believed to have been employed by Defendant County of San Bernardino, or Defendant San Bernardino Sheriff Department or acting in concert with Defendants and in the capacity of state actors, but allege that each such Defendant was in some manner responsible for their injuries due to their own conduct which were either intentional done or done with reckless indifference to the rights of the Plaintiff.

12. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally responsible in some manner for the events and happenings herein referred to, and thereby caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484.

13. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

14. Defendants, and each of them, did the acts and omissions alleged herein in done intentionally or with reckless indifference to the rights of the Plaintiff and in violation of clearly established law.



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

15. Each of the individual Defendants are being sued in their individual capacity as well as their official capacity.

16. This Court has jurisdiction over this action by virtue of 28 U.S.C. Section 1331, e.g. "federal question.".

**FACTS RELEVANT TO ALL COUNTS**

17. On March 22, 2023 at approximately 8:30 a.m. Plaintiff Angela Zamora was present at her home located at 72341 Sunnyslope, Twentynine Palms, California.

18. On March 22, 2023, the day of this incident, Plaintiff was in her bedroom at the Sunnyslope residence with her companion, and friend Doo-Doo. Doo-Doo is small mix dog. Defendant Deputy DOE 1, unlawfully entered the residence through the screen door.

19. Doo-Doo her dog, had been with Plaintiff's since Doo-Doo was a puppy and had provided the Plaintiff with solace, companionship, and unconditional love. Doo-Doo was a beloved member of Plaintiff' family.

20. The San Bernardino County Defendant Deputy Doe 1, unlawfully entered the Plaintiff' family residence at approximately 8:30 am. Plaintiff was aware of the entry as Defendant Deputy Doe 1 entered the home with his firearm drawn. Defendant Deputy Doe 1, entered the house with his gun drawn and proceeded to walk into the hallway where he kicked the dog, Doo-Doo. The kicking of the dog was cruel. The dog did not bark or growl at the intruder deputy. The kicks hurt the dog.

21. After kicking Doo-Doo, Defendant Deputy Doe 1 pointed his service weapon and shot Doo-Doo four times. Doo-Doo cried.

22. The entry of the Plaintiff's house was done without consent, exigent circumstance or a warrant. The unlawful entry by Doe 1, violated the Fourth Amendment.

23. The kicking of Doo-Doo was unnecessary as the dog did not attack or showed sign of aggressiveness.

24. The destruction of Doo-Doo was not necessary or justified. The dog did not attack, bark or show signs of aggression.

25. Plaintiff held her beloved dog until Doo-Doo died bleeding. Plaintiff suffers extreme emotional distress from this senseless and cruel act.

26. Without a warrant, without Plaintiff' consent, and without consent of anyone with authority to grant access to the property, Defendant Deputy Doe 1 and Defendant Deputy Doe 2 opened the screen door and without consent stepped into the home. They walked up the private driveway and approached the house.

27. Plaintiff had made several requests to render emergency aid to Doo-Doo, who was bleeding inside the residence.

28. Despite the multiple requests to assist Doo-Doo, the deputies (Does 1-10) ignored the Plaintiff or Doo-Doo.



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

## FIRST CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS -UNLAWFUL SEIZURE IN VIOLATION OF 4TH AMENDMENT, 42 U.S.C. 1983)

## (By Plaintiff ZAMORA Against All Individual Defendants)

29. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 28 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

30. The unlawful entry of the Deputy into the house of the Plaintiff, was unlawful. The seizure of Plaintiff Zamora was unlawful and violated her Fourth Amendment rights.

31. The seizure of persons and property of the Plaintiff was in violation of the 4th amendment. The unlawful entry into the house with a forearm drawn was a seizure of the Plaintiff.

32. The actions of the individual defendants, including, DOE 1 and DOE 2, acted under color of law in violating Plaintiff's rights protected by the Fourth Amendment to the United States Constitution, including, but not limited to, the right to be free from the use of excessive force and the unnecessary destruction of property by law enforcement officers. These actions included: pointing of a gun at Plaintiff without requisite cause; the prevention of Plaintiff from entering his property without the requisite cause; the trespass onto Plaintiff's property without the requisite cause.

33. As a direct and proximate result of defendants' actions and omissions,



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

Plaintiff was deprived of her rights and privileges under the Fourth Amendment to the United States Constitution.

**SECOND CAUSE OF ACTION**

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Failure to Implement Appropriate Policies, Customs and Procedures)**

[PLAINTIFF ZAMORA vs. DEFENDANT COUNTY OF SAN BERNARDINO, DOES 1-10]

34. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 33 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

35. Defendant COUNTY OF SAN BERNARDINO implicitly or explicitly adopted or implement careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the San Bernardino Sheriff's Department to confront canines without any reasonable policy regarding discharging a firearm at an animal and in such a way as to cause the destruction of citizens' canine pets without justification.

36. Defendant COUNTY OF SAN BERNARDINO, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees of the COUNTY OF SAN BERNARDINO to confront canines by use of excessive lethal force where less severe alternatives existed.



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

37. The failure of the Defendants Sheriff and County to adequately train and supervise DOES 1-3 to deliberate interference to Plaintiff' civil rights to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38. As a result of this deliberate indifference to Plaintiff' civil rights, Plaintiff suffered the loss of companionship and value of their family dog, "Doo-Doo", and are entitled to relief under 42 U.S.C. §1983.

39. In committing the acts complained of herein, Defendants under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable seizures; b) the right not to be deprived of property without due process of law; and c) the right to just compensation for taking of property.

40. By reason of the aforementioned acts of Defendants, Plaintiff were required to retain counsel and institute and prosecute the within action, and Plaintiff requested payment by the Defendants of a reasonable sum, as for attorneys' fees, pursuant to 42 U.S.C. Section 1988.

**THIRD CAUSE OF ACTION**

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Deprivation of Property Without Due Process of Law)**

**(Plaintiff ZAMORA v. Deputy Doe 1)**

41. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 40 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

42. Defendant Does 1-10, in concert with the other Defendants at the scene, intentionally violated the civil rights of the Plaintiff by his malicious and wanton disregard for Plaintiff' property rights. The killing of Doo-Doo amounted to the deprivation of property in violation of the Fifth and Fourteenth Amendment.

43. Specifically, the conduct of Doe 1 included the unnecessary and unprovoked shooting of Plaintiff' beloved family pet, Doo-Doo. Doo-Doo was the animal companion of the Plaintiff since being a puppy and provided solace, affection, friendship, and love for the period of his life, up until the date of his death. As a companion in all those respects, Doo-Doo maintained a special relationship with the Plaintiff, situationally and emotionally similar to that of a human family member or relative.

44. By causing the death of Doo-Doo, Defendants Does 1-10 actually and approximately inflicted an outrageous violation of constitutional rights upon the Plaintiff which Defendants are liable, and Plaintiff seek damages therefor.

45. Defendant Deputy Doe 1, and the other Defendants, either with the specific intent to violate the Plaintiff' civil rights or with a reckless disregard of the probability of causing that violation, shot, and killed Plaintiff' beloved pet, Doo-Doo. The kicking



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

and shooting of the dog Doo-Doo, was so extreme and outrageous that it went beyond the bounds of decency. It would be considered atrocious and utterly intolerable in a civilized community. The killing of Doo-Doo in such a merciless fashion and caused severe emotional distress to the Plaintiff, and the Plaintiff are entitled to compensatory and punitive damages.

46. By reason of the aforementioned acts of Defendants, Plaintiff were required to counsel and institute and prosecute the within action, and Plaintiff request payment by the Defendants of a reasonable sum, and for attorney fees, pursuant to 42 U.S.C. section 1988.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE PER SE**

**CRUELTY TO ANIMALS (VIOLATIONS OF CAL. PENAL CODE §597**

**(Plaintiff Zamora v. Doe Defendants 1-10)**

47. The allegations of paragraphs 1-46 are re-alleged and incorporated by reference.

48. On or about March 22, 2023, Defendants, while working in the course and scope of their employment, and individually, shot and killed Doo-Doo without due process of law, and in violation of Plaintiff's rights as the owner of Doo-Doo.

49. Defendants' duty that gives rise to strict liability arises from conduct that was both intentional and intended to harm.

50. Defendants had a duty to treat Doo-Doo kindly and not to shoot him. They also had a duty to care for him once he was injured. Ignoring Doo-Doo was cruel.

51. Defendants breached this obligation imposed by law by not properly and reasonably using care towards Plaintiff's dog, Doo-Doo. Instead, Doo-Doo was intentionally shot four times and then left to suffer and die and not allowing any assistance.

52. The acts or omissions of the defendants were wrongful, malicious, intentional, and reckless, and done with the intent to harm, and amounted to no less than gross negligence, in disregard of humanity, and were in violation of law, including Penal Code §597**,** and justify the awarding of exemplary and punitive damages.

53. As a direct and legal result of the acts and omissions enumerated above, Plaintiff suffered the special, general, and other damages alleged heretofore, and below, according to proof.

54. The shooting death of Plaintiff' dog Doo-Doo was done intentionally and maliciously or with no less than gross negligence, in that it was an intentional wrongful act without legal justification or excuse and was done in reckless disregard of Plaintiff rights, and therefore in violation of Cal. Penal Code §597(a).

55. COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of Defendant Deputy DOE 1, and all other Does, 2-10, pursuant to §815.2(a) of



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

## FIFTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress, or alternatively Negligently Infliction of Emotional Distress**

**(Plaintiff ZAMORA v. Defendant Deputy DOE 1)**

56. Plaintiff incorporates paragraphs 1-55 of this Complaint for purposes of this claim.

57. This claim is brought against Defendant Does 1-2, in their individual and official capacity.

58. The decision to shoot a animal that had not been identified as vicious or aggressive and who did not injure or threaten Defendants or anyone, or exhibit any aggression or vicious propensity was an act purposefully committed by Defendant Deputy 1, who realized his conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the Plaintiff.

59. Defendant Deputy Doe 1 knew that deliberately shooting Doo-Doo in front of Plaintiff would cause severe emotional distress to the Plaintiff and shot Doo-Doo, anyway. This created a higher-than-normal risk of harm to the Plaintiff.



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

60. Defendant Deputy Doe 1 intentionally or purposely failed to contact Animal Control or any veterinarians to render emergency medical care to Doo-Doo, preferring to keep Plaintiff from their dying dog and intimidating them

61. As a direct and proximate result of such conduct, Plaintiff have been damaged in various respects including, but not limited to, suffering severe emotional distress due to the willful and wanton actions of Doe 1.

62. COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of Defendant Deputy DOE 1, and all other Does, 2-10, pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

**SIXTH CAUSE OF ACTION**

**TRESPASS TO CHATTELS**

**[As to Defendant Deputy Doe 1, County of San Bernardino and does 2-10]**

63. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 62 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

64. Plaintiff bring this cause of action for Trespass to Chattels against Defendants Doe 1, County of San Bernardino, alleging Defendant Deputy Doe 1 under the color of law and within the scope of his employment wrongfully trespassed on over Plaintiff

personal property, their dog Doo-Doo.

65. Plaintiff is the rightful owner of the dog, Doo-Doo, that Defendant Deputy Doe 1, kicked a harmless dog and immediately thereafter killed DOO-DOO with his firearm on March 22, 2023.

66. Defendant Deputy Doe 1 under the color of law and within the scope of his employment for the County of San Bernardino intentionally interfered with Plaintiff' use and/or possession of Plaintiff' personal property when Doe 1 killed Doo-Doo, Plaintiff' dog.

67. Plaintiff did not consent to Defendant Doe 1 killing their dog and destroying their personal property.

68. Plaintiff loss of their beloved dog, Doo-Doo, is an actual harm suffered by Plaintiff and Defendant Deputy Doe 1 conduct was a substantial factor in causing Plaintiff' harm. Plaintiff have suffered grief, anguish, shock and horror as a result of Defendant Doe 1's intentional act of killing their pet, Doo-Doo.

69. COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of Defendant Deputy DOE 1, and all other Does, 2-10, pursuant to §815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to provide against each individual Defendant;
4. For attorney's fees pursuant to 42 USC 1988
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

Dated:4/30/2024

By/s/*Sharon J. Brunner*___
Sharon Brunner, Esq
Attorney for Plaintiff

By:____/s/*James S. Terrell*
James Terrell, Esq
Attorney for Plaintiff

**JURY TRIAL DEMANDED**

PLAINTIFF demands a jury trial.

Dated:4/30/2024

By:/s/*Sharon J. Brunner*___
Sharon J Brunner, Esq
Attorney for PLAINTIFF

Dated:4/30/2024

By: _____ /s/_______
James Terrell, Esq
Attorney for PLAINTIFF



LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850 talktoterrell.com